# GISKAN SOLOTAROFF & ANDERSON LLP
### Attorneys at Law

October 7, 2022

<u>BY ECF</u>
The Honorable Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
Courtroom 17D
Southern District of New York
New York, New York 10007-1312

                Re:    *Hines v. Memorial Sloan Kettering Cancer Center*,
                       1:22-cv-03425 (JMF) (KHP)

Dear Judge Parker,

      This letter brief is submitted in support of approval of the settlement of the wage and hour claims alleged in the above-caption action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. ("FLSA"). Following the Settlement Conference held before this Court on September 16, 2022, and in accordance with the terms of settlement reached during that conference, the parties have entered into a settlement agreement, a copy of which is attached hereto as **Exhibit A** (the "Settlement"), to resolve Plaintiff's individual claims for unpaid wages under the FLSA and state labor law. As set forth herein, the parties believe that the Settlement reflects a fair and reasonable compromise of the disputed issues and respectfully request that the Court grant approval.

      <u>**The Settlement Is Fair, Reasonable and Adequate**</u>

      The Settlement provides a total benefit of $245,000.00. "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citing *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). Each of these factors is satisfied here.

      (1)    <u>The Plaintiff's range of possible recovery</u>: this factor is satisfied by the Settlement. Pursuant to the Settlement, Plaintiff will receive $163,333.33, net of attorney's fees and costs. Consistent with the allegations in the Complaint concerning the hours worked per week and wages paid, Plaintiff's counsel calculated Plaintiff's total unpaid wages under the FLSA to be approximately $ 88,680.00. The amount Plaintiff will receive pursuant to the

Settlement represents 100% of her claimed unpaid wages and nearly all of her liquidated damages. This is a fair and reasonable result. *See, e.g., Garcia v. Cloister Apt. Corp.*, 2019 U.S. Dist. LEXIS 51887, 2019 WL 1382298, at *2 (S.D.N.Y. Mar. 27, 2019) ("[P]laintiffs' net settlement . . . represents more than 28% of their total alleged damages and more than 72% of their claimed unpaid wages. This percentage is reasonable, especially given plaintiffs' potential obstacles to recovery."); *Redwood v. Cassway Contr. Corp.*, 2017 U.S. Dist. LEXIS 173208, 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); *Felix v. Breakroom Burgers & Tacos*, 15 Civ. 3531 (PAE), 2016 U.S. Dist. LEXIS 30050, 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (net settlement of less than 25% of plaintiff's FLSA maximum recovery is reasonable). The reasonableness of the settlement amount in light of the maximum possible recovery is further supported by the fact that the Plaintiff "might not prevail on all claims at trial, particularly with respect to liquidated damages." *Khan v. Dunwoodie Gas Station, Inc.*, No. 19-CV-5581 (KMK), 2020 U.S. Dist. LEXIS 42179, at *6-7 (S.D.N.Y. Mar. 10, 2020).

(2)     The extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses": this factor is also satisfied. The settlement was reached prior to the commencement of formal discovery. The early resolution of this action will enable the parties to avoid protracted litigation. See *Patel*, 2018 U.S. Dist. LEXIS 56867, at *5-6 (S.D.N.Y. Apr. 3, 2018) (settlement approved where the "matter was settled prior to the start of formal discovery, which would have led to protracted and costly litigation likely involving depositions. The settlement avoids the necessity of conducting these depositions"); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825, 2018 U.S. Dist. LEXIS 175446, 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) ("settlement [protects] the Parties from the risks associated with going to trial"); *Lopez v. Poko-St. Anns L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (finding settlement sum fair "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement").

(3)     The seriousness of the litigation risks faced by the parties: this factor is satisfied. While Plaintiff believes her claims are meritorious, Defendant disputes that Plaintiff is entitled to additional payments and/or did not work all the hours alleged.

(4)     Whether "the settlement agreement is the product of arm's length bargaining between experienced counsel": The settlement here resulted from arm's length bargaining spanning several months between the parties who are represented by experienced counsel and the settlement conference held before this Court on September 16, 2022, in which the material terms of the settlement were agreed upon.

(5)     The possibility of fraud or collusion: there is none here. The terms of the Settlement reflect a fair deal and were reached after several rounds of protracted, arm's length negotiations over many months among counsel experienced in wage and hour litigation and the settlement conference held before this Court on September 16, 2022.

The Settlement thus is fair, reasonable and adequate and should be approved.

**Plaintiff's Counsel's Attorney's Fees Are Fair and Reasonable**

In addition, Plaintiff's counsel's attorney's fee of $81,666.66 is fair and reasonable. Plaintiff's counsel agreed to work on a contingency basis and to be paid attorney's fees in the amount of one-third of the total recovery. The attorney's fees represent one-third of the total recovery of $245,000.00, which amount is commonly approved in FLSA actions. *Sanchez v. DPC N.Y. Inc.*, 381 F. Supp. 3d 245, 250 (S.D.N.Y. 2019) ("Traditionally, in FLSA settlement cases, attorneys' fees are awarded under the 'percentage of the fund' method and one-third of the total settlement is normally considered a reasonable fee."); *Zhong v. Rockledge Bus Tour Inc.*, 2018 U.S. Dist. LEXIS 131829, 2018 WL 3733951 at *4 (S.D.N.Y. Aug. 6, 2018) ("one-third of the net settlement amount . . . is an amount routinely approved under the percentage method"); *Coleman v. DeFranco Pharmacy, Inc.*, 2018 U.S. Dist. LEXIS 129140, 2018 WL 3650017 at *3 (S.D.N.Y. Aug. 1, 2018) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("[A] fee that is one-third of the fund is typical" in FLSA cases); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

For the reasons set forth herein, the Settlement is fair, reasonable and adequate and should be approved. Similarly, the attorneys' fees are reasonable and warrant approval.

Respectfully submitted,

Catherine E. Anderson